IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | | |
|---|---|---|
| GARY TRINIDAD | ) | |
| | ) | |
| Plaintiff | ) | **Case No.** |
| | ) | |
| v. | ) | |
| | ) | |
| AGILITI HEALTH, INC | ) | **JURY TRIAL DEMANDED** |
| d/b/a Universal Health Systems, Inc. | ) | |
| | ) | |
| Serve: | ) | |
| National Registered Agents, Inc of Kansas | ) | |
| 112 SW 7th Street, Suite 3C | ) | |
| Topeka, Kansas 66603 | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

COMES NOW plaintiff, Gary Trinidad, and for his cause of action against defendant, alleges and avers as follows:

**Parties, General Allegations, Jurisdiction and Venue**

1. Plaintiff Gary Trinidad is an individual currently residing in Raytown, Missouri. Plaintiff is an individual with a disability as defined in the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and an individual covered by the Age Discrimination in Employment Act, 29 U.S.C. " 621, et seq. Specifically, Plaintiff is 69 years old and suffers from blindness in one eye and is and has been under a doctor's care for his disability. Defendant is aware of his disability.

2. Defendant Agiliti Health, Inc. d/b/a Universal Health Care (hereinafter "Universal") is a business authorized to do business in the State of Kansas, at 10850 Strang Line Road,

Lenexa, Kansas 66215. Defendant may be served by and through its Registered Agent, National Registered Agents, Inc. of Kansas, 112 SW 7th Street Suite 3C, Topeka, KS 66603. At all times pertinent to this action, Universal has been doing business in the state of Kansas, including within this county.

3. Defendant Universal, at all times relevant hereto, is and has been an "employer" within the meaning of the Americans with Disabilities Act and the Age Discrimination in Employment Act.

4. Defendant Universal employs (and at all times relevant hereto has employed) far in excess of six (6) employees, so as to come within the coverage of the ADA and the ADEA.

5. Both jurisdiction and venue are proper in this Court. The District of Kansas is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in which Plaintiff worked and in which a substantial part of the events or omissions giving rise to the claims occurred

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question based upon the ADA and the ADEA.

7. On or about March 16, 2018, Plaintiff filed a charge of discrimination (attached) based on his disability and age and based on retaliation with the Kansas Human Rights Commission and Equal Employment Opportunity Commission. Said charge of discrimination was assigned Charge No 563-2018-01377.

8. The EEOC found reasonable cause that violations of statutes occurred and after failed conciliation Plaintiff was issued his Notice of Right to Sue on August 7, 2019 (attached).

9. This action has been timely commenced by the filing of this Complaint. Therefore, Plaintiff has duly met all his administrative requirements.

## FACTUAL ALLEGATIONS

10. Plaintiff was an employee of Universal for 19 years before being terminated from his job.

11. Plaintiff was a Customer Service Technician 2. His job duties included picking up and delivering medical equipment to hospitals and nursing homes. Plaintiff also cleaned and inspected equipment, performed maintenance, and ordered supplies along with handling receiving and delivering of equipment.

12. Plaintiff was an excellent employee and had no issues of performance or discipline.

13. Plaintiff was born with a defect in his left eye and is blind in that eye. Because of his blindness Plaintiff is unable to qualify for a DOT driver's license but does hold a regular driver's license and is able to drive.

14. Plaintiff drove for Universal Hospital Services in non-DOT vehicles throughout his employment.

15. In approximately the spring of 2017, the company began using two DOT trucks to deliver the larger equipment such as beds. All other equipment and supplies were still delivered in the non-DOT vehicles.

16. Because Plaintiff was unable to drive the DOT truck, the weekends and nights that he was scheduled to be on call, if a bed or larger equipment requiring the DOT truck was ordered, he would prepare all the needed paperwork, have the equipment loaded and ready to go on the truck and then have Doug Lewis, his manager or another employee drive the vehicle.

17. It was infrequent that equipment requiring the DOT truck would be ordered during the night and weekend shifts and this occurred maybe one or two times per month.

18. As a full-time employee, Plaintiff was required to be on call only every third weekend and one night each week.

19. On December 11, 2017, Lewis told Plaintiff that he was terminated from his job since he could not drive the DOT truck.

20. Plaintiff asked to be accommodated in the same manner as had been working for the previous eight months or provide some other reasonable accommodation, but that request was denied.

21. At that time Plaintiff also offered to take another position that did not require driving, even if it was a demotion, in order to remain employed, but that request was also denied.

22. Alonzo (LNU), a younger, non-disabled employee in the same position as Plaintiff who was unable to drive because of points on his license, was transferred to a different non-driving position at the branch located at the University of Kansas in Kansas City, Kansas. Plaintiff was not given this option.  Trinidad had significantly more tenure with the company than Alonzo.

23. At the time of Plaintiff's termination, he was only six months away from having twenty-year tenure with the company.

24. Plaintiff lost the opportunity to receive a pay bonus for twenty years of employment.

## COUNT I
## ADA - DISABILITY DISCRIMINATION

25. Plaintiff hereby incorporates the factual allegations in paragraphs 1 through 24 of the Complaint, by reference, as if fully set forth in this Count I.

26. At all times relevant to this case, Plaintiff is and was an individual with a disability. Specifically, Plaintiff was blind in one eye which substantially limited major life activities.

        Defendant was aware of Plaintiff's disability or regarded Plaintiff as being disabled.

27. Plaintiff requested reasonable accommodations from Defendant in continuing to perform his job in the manner in which it was being performed or in transferring to a different position and was denied the accommodation.

28. Defendant transferred a non-disabled employee who did not have a driver's license to a different position.

29. The actions of Defendant, as noted above, have been continuously discriminatory and retaliatory, arbitrary and capricious, and constituted a disparity in treatment toward Plaintiff as to job terms, conditions, and privileges of employment, and constitute unlawful employment practices in violation of the Americans with Disabilities Act.

30. The actions of Defendant were outrageous, calculated toward Plaintiff, or were in reckless disregard of Plaintiff's statutory rights, and as such, constituted violations of the Americans with Disabilities Act.

31. Plaintiff has been substantially monetarily damaged by Defendant's unlawful employment practices, including its violation of the ADA.

32. As a direct and proximate result of Defendant's unlawful violation of Plaintiff's rights, as alleged above, Plaintiff has suffered substantial actual damages, including, but not limited to: lost past and future income and employee benefits, humiliation, mental distress, harm to reputation and severe career disruption, plus other pecuniary and non-pecuniary actual damages, all in an amount which cannot be ascertained precisely at this time, but which will be established in the course of discovery.

33. Plaintiff also is entitled to punitive damages in such amount as the jury deems fair, reasonable and sufficient to punish Defendants and to deter these Defendants and others

from like conduct.

34. Under the ADA, if Plaintiff prevails, he is entitled to recover all his costs incurred herein, including reasonable attorney's fees and all other costs and expenses of litigation.

35. Plaintiff also seeks prejudgment interest on all actual damages found by the jury to be due and owing through date of trial.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding plaintiff all actual damages and losses shown in evidence, and determined by the jury to be fair and reasonable, for prejudgment interest, for punitive damages, for attorney's fees and expenses, and for all other damages and costs incurred and for such other relief as the Court deems proper.

## COUNT II
## AGE DISCRIMINATION IN EMPLOYMENT ACT

36. Plaintiff hereby incorporates all factual allegation in paragraph 1 through 35 of the Complaint, by reference, as if fully set forth in this Count II.

37. Plaintiff was subjected to disparate treatment and adverse employment actions by Defendant in whole or substantial part because of his age was in violation of the ADEA, 29 U.S.C. §621 et. seq.

38. The actions of Defendant, as noted above, have been continuously discriminatory and retaliatory, arbitrary and capricious, and constituted a disparity in treatment toward Plaintiff as to job terms, conditions, and privileges of employment, and constitute unlawful employment practices in violation of the ADEA.

39. The actions of Defendant were willful, and as such, constituted violations of the ADEA.

40. Plaintiff has been substantially monetarily damaged by Defendant's unlawful employment practices, including its violation of the ADEA.

41. As a direct and proximate result of Defendant's unlawful violation of Plaintiff's rights, as alleged above, Plaintiff has suffered substantial actual damages, including, but not limited to: lost past and future income and employee benefits, all in an amount which cannot be ascertained precisely at this time, but which will be established in the course of discovery.

42. Plaintiff also is entitled to liquidated damages in such amount as the jury deems fair, reasonable and sufficient.

43. Under the ADEA, if Plaintiff prevails, he is entitled to recover all his costs incurred herein, including reasonable attorney's fees and all other costs and expenses of litigation.

44. Plaintiff also seeks prejudgment interest on all actual damages found by the jury to be due and owing through date of trial.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding plaintiff all actual damages and losses shown in evidence, and determined by the jury to be fair and reasonable, for prejudgment interest, for liquidated damages, for attorney's fees and expenses, and for all other damages and costs incurred and for such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that this matter be tried before a jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

**THE POPHAM LAW FIRM, P.C.**


By: /s/ Dennis E. Egan_____
DENNIS E. EGAN, Bar No. MO 27449
712 Broadway, Suite 100
Kansas City, Missouri  64105
Telephone:     (816) 221-2288
Telecopier:     (816) 221-3999
degan@pophamlaw.com


THE KLOSENER LAW FIRM

/s/ Tiffany B. Klosener_____
TIFFANY B. KLOSENER,
923 NE Woods Chapel Road, Suite 248
Lee's Summit, Missouri 64064
Telephone:     (816) 392-1768
Facsimile       (816) 326-0867
klosenerlaw@sbcglobal.net

**ATTORNEYS FOR PLAINTIFF**